UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS WILLIAM SINCLAIR
RICHEY,

                Plaintiff,

  v.

DOUGLAS THAUT,

                Defendant.

NO. C11-5680 RBL/KLS

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND

    Before the Court is Plaintiff's Motion to Amend.  ECF No. 16.  Plaintiff wishes to amend his complaint to add a First Amendment claim of retaliation.  *Id.*  Defendant objects to the amendment.  ECF No. 18.  Also pending before the Court is Defendant's motion to dismiss.  Under separate Report and Recommendation this Court is recommending that Defendant's motion to dismiss be granted because Plaintiff has failed to exhaust his administrate remedies.

    Having reviewed the motion, objection and balance of the record, the Court finds that the motion to amend should be denied because the amendment is futile.

**BACKGROUND**

    Plaintiff filed this 42 U.S.C. § 1983 complaint against Defendant Douglas Thaut for "violating my 1st Amendment right to redress grievances and for violating my 14th Amendment right to equal protection."  ECF No. 5.  Plaintiff bases his allegations around Defendant Thaut's handing of Plaintiff's grievance No. 1114798, in which he stated that he was denied

ORDER DENYING MOTION TO AMEND                                      1

his "right to a shower" by an "extremely obese female Hispanic guard."  ECF No. 14, Exhibit 1 (Declaraton of Kerri McTarsney), p. 7.  In his grievance, Plaintiff stated further:

> . . . On return from the yard, I asked if there's a fat farm that raises all the obese women that Stafford Creek hires. I then asked if maybe there is a womens [sic] football team here because she was as big as a linebacker. After this statement, she denied me a shower.
>
> If a guard has a problem, they have an avenue to punish me. Take my Level or infract me. They have no authority to deprive me of a right without due process.  Even prison isn't a dictatorship when it comes to the deprivation of a right.  I was not a threat to security.  I merely insulted her.  But she has to see that I was actually trying to positively encourage her to diet.  She is unhealthy. Frankly if she has such thin skin, she shouldn't work in prison around men who are largely anti-social.

*Id*.  Plaintiff received a response to his complaint on August 1, 2011, stating that he had to re-write his complaint and leave out objectionable language.  *Id.* Plaintiff had until August 10, 2011, to submit an amended complaint.  *Id*.

On August 3, 2011, Plaintiff filed an offender complaint (No. 1115787) against Defendant Thaut for failing to process his previous offender complaint (No. 1114798).  *Id*., Exhibit 1 (McTarsney Decl.), p. 10.

On August 10, 2011, Plaintiff did not submit an amended complaint but filed an offender kite stating:

> Re: Grievance # 1114798. You will not censor my right to free speech.  I will not rewrite my grievance.  You will not punish me for the language I choose to use.  You are not the language police.  You will do your assigned job and investigate my grievance.  If not, give it to a grievance coordinator who will.  I used no objectional [sic] language in my grievance.  So process it pronto (also process my grievance I filed against you).

*Id*., Exhibit 1 (McTarsney Decl.), Attach. C, p. 12.  at ¶12, Attachment C.

Plaintiff's complaint against Defendant Thaut was found to be non-grieveable on August 12, 2011. His original complaint (No. 1114798) was administratively withdrawn on August 15, 2011 because Plaintiff chose not to file an amended complaint by the August 10, 2011 deadline. *Id.* at ¶ 11 and ¶ 12.

**DISCUSSION**

Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

Futile amendments should not be permitted. *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir.1991); *DCD Programs, Ltd v. Leighton*, 833 F.2d 183, 188 (9th Cir.1987); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1293 (9th Cir.1983). Futility alone, or together with delay, is a sufficient basis upon which to deny a motion for leave to amend. *Roth*, 942 F.2d at 628 (affirming district court's order denying motion for leave to amend on grounds of futility of amendment); *Klamath-Lake*, 701 F.2d at 1293 (affirming district court's order denying motion based on delay and futility).

A proposed amendment to a complaint is futile only if no set of facts can be proved under the amendment that would constitute a valid and sufficient claim. *Sweaney v. Ada County, Idaho*, 119 F .3d 1385, 1393 (9th Cir.1997). A party should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal. Thus, it is futile to permit amendment to a complaint to add claims subject to dismissal on a motion for

summary judgment. *Roth*, 942 F.2d at 629. *See also Johnson v. American Airlines, Inc.*, 834 F.2d 721,724 (9th Cir.1987)( futility includes inevitability of a claim's defeat on summary judgment); *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)(amendment would have been futile in that it could be defeated on a motion for summary judgment).

In the exercise of its discretion, a district court may properly consider "the delay in the desired amendment, the fact that there was a pending summary judgment motion, and the futility of most of the proposed claims." *Schlacter-Jones v. General Telephone,* 936 F.2d 435, 443 (9th Cir. 1991).

Granting Plaintiff's motion to amend will prejudice Defendant as he filed his motion to dismiss prior to Plaintiff's attempted amendment. Moreover, Defendant's motion to dismiss demonstrates that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Plaintiff should not have filed this lawsuit until he exhausted those administrative remedies. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) (citations omitted). And, Plaintiff's proposed amended complaint will do nothing to cure the deficiencies of his complaint. Instead, his proposed amended complaint would be a duplicate of his original complaint with one additional claim of retaliation. His claims will remain unexhausted.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to amend (ECF No. 16) is **DENIED.**

//

//

(2) The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

**DATED** this 16th day of February, 2012.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION TO AMEND 5